

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

May 31, 1966

Mr. Harvey Davis
Texas Soil and Water Conservation Board
1014 First National Building
Temple, Texas

Opinion No. C-699

Re: Does a Soil and Water Con-
servation District, as a govern-
mental subdivision of the State
of Texas with powers and re-
strictions as set forth by Article
165a-4, V.C.S., have the authority
to form a separate corporation,
non-profit in nature, to own and
operate a natural gas distribution
Dear Sir:                          system?

You have requested an opinion of this office concerning
the following question:

"Does a Soil and Water Conservation
District, as a governmental subdivision
of the State of Texas with powers and
restrictions as set forth by Article 165a-4,
V.C.S., have the authority to form a sepa-
rate corporation, non-profit in nature, to
own and operate a natural gas distribution
system?"

A "soil and water conservation district" (now so desig-
nated under Acts 1965, Page 370, Ch. 176) is governed by the
provisions of Article 165a-4, V.C.S., such law being passed
to carry out the mandate expressed in Article 16, Sec. 59,
Constitution of the State of Texas. Article 165a-4 authorizes
the creation of such districts and vests them with certain
powers to carry out the purposes set forth in the statute.
Such districts are political subdivisions of the State with
authority to exercise certain rights, privileges and functions
pertaining to conservation and reclamation. Attorney General's
Opinion V-999.

The districts authorized by Article 165a-4 are vested with
the same powers and must operate within the same limitation as

-3370-

other conservation districts authorized by the Legislature to carry out the mandate of Article 16, Sec. 59. Attorney General's Opinion No. V-69. A soil conservation district may thus be considered to perform limited rather than general functions. Lower Nueces River Water Supply District v. Cartwright, 274 S.W.2d 199, (Tex.Civ.App., error ref., n.r.e. 1955).

Speaking generally of the nature and extent of powers possessed by a conservation district similar to a soil conservation district, the Supreme Court, in Tri-City Fresh Water Supply District No. 2 of Harris County v. Mann, 135 Tex. 280, 142 S.W.2d 945 (1940), had the following to say:

> "The powers of such district are measured by the terms of statutes which authorized their creation, and they can exercise no authority that has not been clearly granted by the Legislature."
> (Emphasis added)

A close review of Article 164a-4 fails to yield any specific authorization allowing a soil conservation district to form a separate corporation to own and operate a natural gas distribution system. Failing such specific authorization, we therefore conclude that under the terms of Article 165a-4, a soil conservation district may not create a separate, non-profit corporation to own and operate a natural gas distribution system.

## SUMMARY

Article 165a-4 does not authorize a soil and water conservation district to create a separate, non-profit corporation for the purposes of owning and operating a natural gas distribution system.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By

GEORGE C. BLACK, JR.
Assistant Attorney General

GCBjr/vmo

Mr. Harvey Davis, page 3 (C-699)


APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Pat Bailey
Roy Johnson
Roger Tyler
Wade Anderson

APPROVED FOR THE ATTORNEY GENERAL
By:  T. B. Wright